UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEATHER K. CLARKE,<br><br>                           Plaintiff,<br><br>v.<br><br>ANDREW SAUL,<br>Commissioner of Social Security,<br><br>                           Defendant. | Case No.: 19-cv-01669-AJB-RNB<br><br>**ORDER:**<br>**(1) ADOPTING THE REPORT AND RECOMMENDATION (Doc. No. 20), and**<br><br>**(2) DENYING PLAINTIFF'S SUMMARY JUDGMENT MOTION, (Doc. No. 15)** |

Heather K. Clarke ("Plaintiff") lodges three objections to the Magistrate Judge's Report and Recommendation regarding Plaintiff's social security appeal. (Doc. No. 21.) However, for all objections, Plaintiff fails to show that Andrew Saul's ("Defendant" or "Commissioner") denial of disability benefits was not supported by substantial evidence or made in legal error—a deferential standard by which this Court is bound. Although the Court empathizes with Plaintiff's symptoms, the Court ultimately finds the high bar for remand has not been met. Accordingly, the Court **ADOPTS** the findings of the Report and Recommendation and **DENIES** Plaintiff's summary judgment motion. (Doc. Nos. 20, 15.)

//

# I. BACKGROUND

Plaintiff seeks judicial review of the Commissioner's denial of Plaintiff's application for disability insurance benefits. (Doc. No. 1.) On December 5, 2016, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (Doc. No. 9-4 at 125-26.) The ALJ determined that Plaintiff had "the following severe impairments: cervical degenerative disc disease, depressive disorder, and anxiety disorder." (Doc. No. 9-2 at 18.) Although the ALJ found that Plaintiff was unable to perform her past relevant work, the ALJ determined that Plaintiff could perform jobs in the national economy, including "occupations such as document preparer . . . and garment sorter[.]" (*Id.* at 26.) Applying the five-step evaluation process, the ALJ concluded that Plaintiff is not disabled and denied her disability insurance benefits. (*Id.* at 27.) Plaintiff appealed the final administrative decision to this Court, and the Court referred the matter to a Magistrate Judge for a Report and Recommendation ("R&R"). The Magistrate Judge issued a R&R, recommending that judgment be entered denying Plaintiff's motion for summary judgment, affirming the Commissioner's decision, and dismissing this action with prejudice. Plaintiff timely objected to the R&R, and Defendant replied.

# II. LEGAL STANDARD

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district judge's duties in connection with a magistrate judge's report and recommendation. The district judge must "make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also United States v. Remsing*, 874 F.2d 614, 617–18 (9th Cir. 1989).

An unsuccessful applicant for social security disability benefits may seek judicial review of a final agency decision. 42 U.S.C. § 405(g). However, "[f]or highly fact-intensive individualized determinations like a claimant's entitlement to disability benefits, Congress 'places a premium upon agency expertise, and, for the sake of uniformity, it is usually better to minimize the opportunity for reviewing courts to substitute their discretion for

that of the agency.'" *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 621 (1966)). Accordingly, a reviewing court must "follow three important rules in [its] analysis of the ALJ's decision." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015).

First, the Court "leave[s] it to the ALJ to determine credibility, resolve conflicts in the testimony, and resolve ambiguities in the record." *Treichler*, 775 F.3d at 1098. Second, the Court must "disturb the Commissioner's decision to deny benefits 'only if it is not supported by substantial evidence or is based on legal error.'" *Id.* (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)); *see Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Third, "[e]ven when the ALJ commits legal error, we uphold the decision where that error is harmless, 'meaning that it is inconsequential to the ultimate nondisability determination,' or that, despite the legal error, the agency's path may reasonably be discerned, even if the agency explains its decision with less than ideal clarity." *Treichler*, 775 F.3d at 1098 (internal quotation marks and citations omitted.)

### III.  DISCUSSION

Plaintiff objects to the R&R on three grounds: (1) the R&R is inconsistent with Plaintiff's right to due process; (2) the R&R erred because it misunderstood the special technique, which Plaintiff claims the ALJ failed to perform; and (3) the R&R erred in affirming the ALJ's decision to give little weight to Plaintiff's psychiatrist's opinion.

**A. The Report and Recommendation Is Not Inconsistent with Due Process.**

Plaintiff's assertion that the R&R is inconsistent with her due process rights is unavailing. (Doc. No. 21 at 4.). Plaintiff identifies no specific process of which was denied. (*Id.*) In any event, the Court notes that "the fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (internal quotation marks and citations omitted). As Plaintiff noted in her motion for summary judgment, she was afforded an opportunity to have the initial denial of her social security benefits application reconsidered. (Doc. No. 15-1 at 5–6.) Plaintiff was also granted her request for a hearing before the ALJ. (*Id.*)

Subsequently, Plaintiff was able to avail herself of a civil action following the Appeals Council's denial of her request for review. (*Id.* at 6.) These procedures afforded Plaintiff a meaningful opportunity to be heard at a meaningful time. *See Mathews*, 424 U.S. at 333 ("[S]ome form of hearing is required before an individual is finally deprived of a property interest.") Again, Plaintiff pointed to no particular process denied to her.

Plaintiff appears to imply that the R&R was based on "post hoc rationalizations" as opposed to "the reasoning and factual findings offered by the ALJ." (Doc. No. 21 at 4.) The Federal Rules of Civil Procedure require that a party "file *specific* written objections to the proposed findings and recommendations" and that "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been *properly objected to*." Fed. R. Civ. P. 72(b) (emphasis added). Other than generally asserting that the R&R was based on post hoc rationalizations, Plaintiff provided no detail regarding this argument and pointed to no specific findings by the Magistrate Judge in support of such argument. Without more, the Court finds that Plaintiff's vague assertion about the R&R does not amount to a specific, proper objection for purposes of the Court's review. *See* Fed. R. Civ. P. 72(b); *see also DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 340 (S.D.N.Y. 2009) (noting that "even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument") (citation and internal quotations omitted).

Accordingly, for the reasons stated, the Court **OVERRULES** Plaintiff's due process objection to the R&R.

**B. The ALJ Correctly Applied the "Special Technique".**

Next, Plaintiff contends "[t]he Magistrate misunderstands the special technique." (Doc. No. 21 at 5.) Plaintiff asserts that the first part of the special technique starts at step three of the five-step evaluation process, and that the second part of the special technique is applied at step four of the five-step process. (*Id.* at 6.) Plaintiff further argues the "ALJ did not provide a mental function residual capacity analysis" as part of the special

4

19-cv-01669-AJB-RNB

technique. (*Id.* at 5.)

First, the Court acknowledges that "[i]n addition to the five-step analysis outlined in 20 C.F.R. § 404.1520[a], the Commissioner has promulgated additional regulations governing evaluations of the severity of mental impairments." *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008). Contrary to Plaintiff's assertion, however, "[t]hese regulations require application of a 'special technique' at the *second* and *third* steps of the five-step framework[.]" *Id.* (emphasis added); *see also Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 725 (9th Cir. 2011) ("The ALJ erred in steps two and three by failing to follow the procedures proscribed in 20 C.F.R. § 404.1520a for determining whether Keyser has a severe mental impairment and, if so, determining whether that impairment meets or equals any of the listed impairments."). Therefore, the Court finds that Plaintiff's assertion that the special technique occurs at steps three and four is without merit because the special technique is applied at steps two and three.

To the extent that Plaintiff asserts that the ALJ improperly applied the special technique in her case, the Court disagrees. Under the special technique, the ALJ must determine whether the claimant has "a medically determinable mental impairment." 20 C.F.R. § 404.1520a(b)(1). Then the ALJ must "rate the degree of functional limitation from the impairment" using the four broad functional areas: understand, remember, or apply information; interact with others; concentrate, persist or maintain pace; and adapt or manage oneself. *Id.* § 404.1520a(b)(2), (c)(3). Subsequently, the ALJ "will determine the severity of [claimant's] mental impairment(s)." *Id.* § 404.1520a(d). If the impairment is severe, the ALJ "will then determine if it meets or is equivalent in severity to a listed mental disorder." *Id.* § 404.1520a(d)(2).

In this case, the R&R correctly listed the applicable steps of the special technique used by the ALJ, which entailed:

> [D]etermining whether the claimant has any medically determinable mental impairments; rating the degree of functional limitation resulting from the mental impairment(s) in four broad functional areas; determining the severity of the mental impairment(s); and then, if any of the mental impairments is

> severe, proceeding to step three of the sequential evaluation process. The four broad functional areas are: understand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself. In rating the degree of limitation in these areas, the following five-point scale is utilized: None, mild, moderate, marked, and extreme. Under the Commissioner's regulations, if the degrees of limitation are rated as none or mild, the impairment generally is considered not severe, unless the evidence otherwise indicates that there is more than a minimal limitation in your ability to do basic work activities.

(Doc. No. 20 at 6-7 (internal quotations and citations omitted).) Here, the ALJ found at step two that Plaintiff's depression and anxiety disorders qualified as severe mental impairments. (Doc. No. 9-2 at 18.) More importantly, as a central requirement of the special technique, the ALJ made specific findings as to each of the functional areas and found Plaintiff's limitation to be moderate in all four areas. (*Id*. at 19–21.) And as the ALJ noted, Plaintiff's impairments did not result in at least one "extreme" limitation or two "marked" limitations, and thus, did not satisfy the criteria for Listing 12.04, which encompasses depressive disorders, and Listing 12.06, which encompasses anxiety disorders. (*Id.* at 20–21.) The ALJ then proceeded to assess Plaintiff's RFC. (*Id*. at 20.) Thus, the Court finds that Plaintiff's assertion that the special technique was improperly applied is also without merit.

Second, Plaintiff misunderstands the evaluation process when she asserts that the RFC assessment is required as part of the special technique. (Doc. No. 21 at 5.) The special technique is completed after the determination of whether an impairment or combination of impairments meet or equal a listed impairment. *See Clark v. Astrue*, 539 F.3d 668, 675 (7th Cir. 2008) ("[T]he ALJ did determine that Craft had a severe mental impairment and considered whether it met or equaled a listed impairment, as required by the *final step* of the special technique.") (emphasis added). Although some of the evidence may overlap, the RFC analysis is a subsequent step after the special technique. § 404.1520a(d)(3) ("If we find that you have a severe mental impairment(s) that neither meets nor is equivalent in severity to any listing, we will then assess your residual functional capacity."). Thus,

Plaintiff's assertion that the ALJ needed to perform the RFC assessment as part of the special technique is misguided.

Third, while Plaintiff argues that the ALJ did not conduct a mental RFC analysis, (Doc. No. 21 at 5,) the record shows otherwise. In fact, the ALJ stated, "[b]efore considering step four of the sequential evaluation process, the undersigned must first determine the claimant's [RFC]." (Doc. No. 9-2 at 17.) As such, the Court finds that Plaintiff's claim that the ALJ failed to evaluate her RFC is without merit because after careful consideration of the entire record the ALJ conducted a thorough five-page analysis (out of the 13-page decision) of Plaintiff's RFC." (*Id*. at 20-25.) The RFC determination is then used at steps four and five of the five-step evaluation process. *See Garrison v. Colvin*, 759 F.3d 995, 1011 (9th Cir. 2014) ("The RFC is used at step four to determine if a claimant can do past relevant work and at step five to determine if a claimant can adjust to other work.")

In assessing the RFC, the ALJ "first assess[es] the nature and extent of [claimant's] mental limitations and restrictions and then determine [claimant's] residual functional capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(c). If the ALJ did not find an impairment or combination of impairments that meets or medically equals the severity to a listed mental disorder, then the ALJ "will consider the limiting effects of all [claimant's] impairment(s), even those that are not severe, in determining [the claimant's] residual functional capacity." 20 C.F.R. § 404.1545(e).

As evidenced in the ALJ's decision, the ALJ properly evaluated Plaintiff's mental RFC. (Doc. No. 9-2 at 20-25.) The ALJ considered Plaintiff's testimony and "all symptoms and the extent to which these symptoms can be reasonably accepted as consistent with the objective medical evidence and other evidence[.]" (*Id*.) Plaintiff testified that her difficulty concentrating, focusing, and remembering affects her personal relationships and that her physical pain and limitations prevent her to perform sedentary work. (*Id*. at 21-22.) However, Plaintiff also testified she is able to read, drive, shop in stores and online, care for herself and her daughter, and that she is able to spend time with family and friends. (*Id*.

at 19, 23-24.) Also, the medical evidence showed primarily that Plaintiff "was generally described as pleasant and cooperative" with intact "attention and concentration." (*Id*. at 19-20.) Moreover, in the ALJ's RFC analysis, he considered the Plaintiff's testimony and explained the weight given to each expert opinion. (*Id*. at 23-25.) The ALJ ultimately concluded that Plaintiff has the RFC "to perform light work." (*Id*. at 20.) Thus, considering the steps conducted by the ALJ, there is substantial evidence supporting the ALJ's determination of Plaintiff's mental RFC.

For the reasons stated above, the Court **OVERRULES** Plaintiff's objection and **ADOPTS** the R&R's findings and conclusion that reversal is not warranted due to the ALJ's alleged failure to follow the special technique.

**C. The ALJ Accorded Proper Weight to the Treating Psychiatrist's Opinion.**

Finally, Plaintiff argues the R&R was mistaken because it concluded "the ALJ was correct in giving little weight to [Plaintiff's] psychiatrist[.]" (Doc. No. 21 at 6.) "To reject an uncontradicted opinion of a treating or examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). Plaintiff's contention that the R&R was mistaken is unpersuasive for a couple of reasons. First, contrary to Plaintiff's assertion, the ALJ did not completely reject Dr. Heidenfelder's ("Psychiatrist") notes and opinions. Psychiatrist's last assessment in the record, dated June 1, 2016, stated that "patient [is] being treated for depn/anxiety. Persistent mild-moderate depn and anxiety with intermittent flare-ups[.]" (Doc. No. 9-7 at 344.) Based on the medical record, which included this June 1, 2016 report, the ALJ considered concluded that Plaintiff has severe depressive and anxiety disorders. (Doc. No. 9-2 at 18.)

Second, the ALJ did not err in assigning no weight to Psychiatrist's July 23, 2018 letter, (Doc. No. 9-8 at 603), because it was not a medical opinion requiring evaluation for purposes of his RFC analysis. (Doc. No. 20 at 5-6.) As the Magistrate Judge noted, the 2018 letter is a one-page document generally addressed "To Whom It May Concern" and contained a brief statement that Psychiatrist was treating Plaintiff for "Major Depression

and Generalized Anxiety Disorder." (Doc. No. 9-8 at 603.) As such, the letter simply advised the ALJ of the mental impartments for which he is treating Plaintiff and provided no detail about how her condition affects her daily living. *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings."). Thus, that the ALJ did not err in finding that the letter had no probative value with respect to his RFC evaluation. The Court finds the ALJ's decision to assign no weight to the 2018 letter is supported by substantial evidence, and the R&R did not err in affirming the ALJ's decision.

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objection and **ADOPTS** the Magistrate Judge's conclusion that reversal is not warranted based on an alleged failure to accord proper weight to Psychiatrist's 2018 letter.

## IV.   CONCLUSION

After careful review of Plaintiff's objections to the R&R, the Court finds that she has not shown that the Commissioner's findings in denying her application for disability benefits were unsupported by substantial evidence or based on legal error. Moreover, the Court finds that the Magistrate Judge's findings were thorough, well-reasoned, and contain no clear error. Thus, the Court **OVERRULES** Plaintiff's objections, (Doc. No. 21), **ADOPTS** the Report and Recommendation in its entirety, (Doc. No. 20), and **DENIES** Plaintiff's summary judgment motion, (Doc. No. 15). The Court **ORDERS** the Court Clerk to enter judgment affirming the Commissioner's decision and dismissing this action with prejudice.

**IT IS SO ORDERED.**

Dated: November 6, 2020

Hon. Anthony J. Battaglia
United States District Judge